PUA'ILIU SOLOMONA, LUA'ITAUA VILI SEUMANU, and
LIUTOA LINO SEUMANU, for themselves and on behalf of certain
members of the Mulitauaopele Family of Laulii, Plaintiffs

v.

AGI GROHSE, Acting Territorial Registrar, American Samoa
Government, and LEI'ATAUA PETER AH CHING, Defendants

Registration of the Matai Title "Mulitauaopele" of
Village of Laulii

High Court of American Samoa
Land and Titles Division

MT No. 4-94

April 3, 1996

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate
Judge, VAIVAO, Associate Judge, and SAGAPOLUTELE, Associate
Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendant Agi Grohse, Henry W. Kappel, Assistant
 Attorney General
 For Defendant Lei'ataua Peter Ah Ching, Tuana'itau F.
 Tuia

Order Denying Motion for Reconsideration or New Trial:

On May 4, 1994, plaintiffs brought this action to set aside the Territorial
Registrar's registration of defendant Lei'ataua Peter Ah Ching ("Ah Ching")
as the holder of one matai title Mulitauaopele in the Village of Laulii,
American Samoa. Trial was held on November 3, 1995. On February 6,
1996, we issued our Opinion and Order voiding the title registration and
issuing certain consequential orders. The defendants have moved this court
for reconsideration or new trial.

The defendants' motions contain only one argument. They argue that our order voiding Ah Ching's title registration violates the rights conferred upon him as a U.S. national under 8 U.S.C. § 1408(4), commonly known as the federal "one-parent" law. As with nearly all of Ah Ching's previous arguments, this argument has already been addressed by the court in the *I`aulualo* cases. *See In re Matai Title "I`aulualo"*, AP No. 5-94 & AP No. 6-94, slip op. at 10 (App. Div. Dec. 13, 1995).

In *I`aulualo*, the appellate division stated that:

> 8 U.S.C. § 1408 grants U.S. national status to various individuals. *See* 8 U.S.C.S. § 1408 (West 1987 & Supp. 1994). It does not explicitly supersede A.S.C.A. § 1.0403 or any other local law. There is no interpretive law to this effect. We fail to see how 8 U.S.C. § 1408 has any effect on § 1.0403 or any other provision of American Samoa's laws.

*Id.* The court then went on to state:

> The second claim, that Mataiumu is entitled to seek a matai title because he is a U.S. national, also has no foundation. Mataiumu's status as a U.S. national no more entitles him to claim a matai title than it [makes] his father an inhabitant of American Samoa. There is simply no connection between the two. We see no need to discuss this issue further.

*Id.* The defendants in the present case have not presented any arguments which were not already disposed of in *I`aulualo*. Thus, the motion for reconsideration or new trial is denied.

It is so ordered.